## D. L. BROOKS v. H. W. YOUNG.

(Case No. 4274.)

1. HOMESTEAD — VENDOR'S LIEN.— The cancellation, by agreement of parties, of a deed made by husband and wife, which had conveyed the absolute title to the homestead, and had declared the amount of unpaid purchase money, without express reservation of a vendor's lien, cannot reinvest the husband and wife with such homestead rights in the land as will prevent it from being subjected to forced sale to satisfy notes for the unpaid purchase

money in the hands of one who acquired them before cancellation of the deed. The vendor's lien having once attached, the land can be subjected to sale to satisfy it, at the suit of such owner of the claim for purchase money, though new notes may be taken for the amount, without regard to the wife's assent to such change.

APPEAL from Hill. Tried below before the Hon. Jo Abbott.

Suit brought by appellant to recover $650 on a note, which on its face purported to be given to secure the payment of the purchase money of land described therein, and to enforce the vendor's lien on the land. The defense set up against the alleged lien denied that the transaction was in fact a sale of the land to the defendant, but alleged facts which showed that at the time when R. K. Brooks (since deceased, and who was the husband of the plaintiff) conveyed the land in question to, and received the note sued on from, the defendant, the title to the land was legally and equitably vested in the defendant, and that it was then, and continued to be, the homestead of defendant and his wife. That there had previously existed an executory contract between defendant and one Fancher, to convey to him said land in consideration of certain money paid and to be paid, the latter being evidenced by two notes given by Fancher to defendant for that portion of the purchase money, amounting to $1,100. That the said R. K. Brooks (the plaintiff sues as his surviving widow and sole heir), having loaned to defendant $500 on interest at five per cent. per month, in order to secure its payment, the latter had transferred said two notes to Brooks as collateral security. That whilst the notes were thus held, Fancher and defendant canceled their contract for the conveyance of said land, and by an understanding between all the parties, Brooks agreed to, and did, deliver up to Fancher his two notes; and it was agreed between Brooks and defendant that in lieu of his former security, that Fancher should convey to defendant the title to Brooks (the defendant and wife having previously executed their deed to Fancher); that the latter should convey the same to defendant, and, in consideration of the premises, the defendant should give a lien on the land in the deed to himself to secure the payment of the $500 loan. That the amount due on that account was embodied in the note sued on, and is recited in the deed as a part of the purchase money consideration for the conveyance to the defendant. That, in fact, although the deed contains recital of much larger consideration, there was no other or further consideration than that which has been named.

The character and description of the terms of the deed from

Young and wife to Fancher, and of the deeds from Fancher to Brooks, and from Brooks to Young, are stated in the opinion.

The cause was submitted to the court without a jury; judgment for the plaintiff on the note alone, without foreclosure of the lien. The plaintiff appealed, assigning as error the refusal of the court to decree a lien as prayed for.

*S. C. Upshaw*, for appellant.

No briefs on file for appellee.

Walker, P. J. Com. App.— We withdraw the opinion in this case delivered at a previous day of this term, owing to a change of our minds as to the questions presented in the record. Our former opinion proceeded upon the mistaken assumption that the deed from Young and wife to Fancher had reserved the vendor's lien, whereas we find it otherwise. The proper statement of the case in that respect is that the deed conveyed the title absolutely without making such reservation; it showed simply the amount of the consideration acknowledged to be paid, and also that part which remained unpaid, but it contained no stipulation that the vendor's lien was in express terms reserved to the vendors, Young and his wife. The contract of sale, therefore, was not executory; the deed conveyed the absolute title, and the superior title to the land did not remain with the grantors, as it otherwise would have done, if the deed had expressly reserved the vendor's lien.

Young and wife, by virtue of their deed, conveyed the title to the land, and with that, consequently, their homestead rights in it. Our former opinion was predicated upon the reverse state of facts, viz., that the vendors had not parted with the title; that the contract of sale was executory; that they retained the superior title; and when the contract of sale with Fancher was canceled, that the vendors remained invested with their homestead rights, and that therefore the same could not be subjected to a mortgage in favor of Brooks, without the concurrent action of the wife of H. W. Young in making such mortgage. Upon the record as it actually exists, it is not necessary to determine, nor do we mean now to express, any opinion upon that supposed state of case, but shall confine the opinion to the case as we find it now to be.

The facts relied on by the defendants were established substantially by the evidence, with no conflicting testimony concerning them. The case before us is resolved virtually, therefore, into a legal ques-

tion as to what are the rights of the parties under the facts proved. At the time when it was agreed between Fancher and Young to cancel the sale of the land, Fancher being vested with the absolute legal title, he could, by a deed of conveyance, vest it in a purchaser, incumbered, nevertheless, with the equitable lien of the outstanding purchase money notes, which attached to the land. Young having previously transferred those lien notes as collateral security to Brooks, if Fancher had made the conveyance of the land directly to Young, the latter would have held his title subject to the enforcement of the lien notes in the hands of Brooks. But the transaction was not consummated in that direct mode. In pursuance of the understanding between Young and Brooks, Fancher, by deed of date the 18th of March, 1878, conveyed the land to Brooks, and at the same time, and evidently as a part of the same transaction, in pursuance of their agreement, Young gave his note to Brooks for the amount then due for the borrowed money owing to Brooks (to secure which the vendor's lien notes made by Fancher to Young had been transferred to Brooks as collaterals), and in consideration thereof, and to secure the note so given, Brooks, at the same time, conveyed the land to Young, and in the deed recited that note as the unpaid portion of the purchase money, reserving the vendor's lien to secure its payment. The purpose of the parties was to save and preserve to Brooks the security for the payment of the borrowed money which he possessed by virtue of the $1,100 notes executed by Fancher, which he had held, and then held, as collaterals, and which said notes he surrendered to Fancher by a common understanding of all parties, accepting instead thereof the note of Young, which is sued on in this action, which is described in its face and identified in the deed from Brooks to Young as a purchase money note holding a vendor's lien on the land thus conveyed.

Notwithstanding the terms and forms of words that are used in the deed and note to designate the character of the lien, or to indicate the relative rights reserved on the one side and granted on the other, the transaction in its entirety will be considered in the light of the surrounding and attendant facts, in order that effect may be given to the intentions of the parties under the instruments of writing which they were meant to evidence. Parol evidence is admissible for that purpose. The application of this rule and principle of law in the interpretation of written contracts is familiar, and is illustrated and enforced in several cases recently decided by our supreme court. See Hicks v. Morris, 57 Tex., 662, 663; Loving v. Milliken, decided at this term, opinion by Chief Justice Willie;

and see Edrington v. Newland, 57 Tex., 632, 633; also Goldman, Adm'r, v. Blum et al., decided at this term, opinion by Justice West (vol. 2, No. 1, Texas Law Reporter, p. 25).

The proper construction, we think, of the transaction between Brooks and Young is, that the deed to the latter was intended to charge the title to the land with a lien on the land to secure the note sued on, to the full extent of the lien which Brooks had formerly possessed as the holder of the purchase money notes; and that the deed and note sued on should be construed and enforced in favor of Brooks in the same manner as if Young, on receiving the deed, had executed to Brooks, contemporaneously therewith, a mortgage on the land for the payment of purchase money, or to renew and secure a pre-existing incumbrance. See Hicks v. Morris, 57 Tex., 664.

The homestead having been conveyed away by Young and his wife, when they became reinvested with the title to the land on which it was situated, it returned to them burdened with an incumbrance; and the homestead right is consequently subordinate to the prior right of the creditor. H. W. Young, by the act of transferring the purchase money notes of Fancher to Brooks, thereby caused the incumbrance of the vendor's lien to pass beyond his own control, and when he again sought to acquire title to the land, finding it thus incumbered, he was not restricted in his power to make such stipulations and contracts in relation to that incumbrance, by reason of any homestead right or interest of his wife in respect to the homestead. White v. Shepperd, 16 Tex., 163.

We conclude, upon the whole case, that the proper disposition of this appeal is to reverse the judgment; and that the supreme court proceed to render judgment in favor of the plaintiff for the amount of the note, with interest from the date of the judgment, with a decree foreclosing the lien on the land.

REVERSED AND RENDERED.

[Opinion approved June 12, 1883.]