## No. 5625.

### LA BELLE WAGON WORKS *v.* TIDBALL, VAN ZANDT & CO.

1. FRAUD.—A creditor may receive goods in payment of his debt, though it may result in hindering other creditors, provided the goods taken are in value reasonably proportioned to the debt extinguished, and provided also, that the debtor reserves to himself no benefit in the goods thus transferred.

2. SAME.—The goods thus used in the payment of the debt must be no more in value than reasonably necessary to discharge the debt. A slight excess in value will not vitiate the transaction.

3. FRAUDULENT TRANSFER.—The commissions which a debtor by agreement is to receive on a stock of goods to be sold by him, which he had transferred to his creditor in payment of a debt, and which he was to retain possession of and sell for such creditor, is not the reservation of such an interest in the property as will vitiate the transaction for fraud.

4. SAME—FACT CASE.—See opinion of the court for facts under which it was held that a judgment should be reversed, based on conclusions of fact found by the trial judge, under which he found that a sale of goods by a debtor to his creditor in satisfaction of the debt was fraudulent.

APPEAL from Tarrant. Tried below before the Hon. R. E. Beckham.

*Herring & Kelley*, for appellant: On their proposition: As to the possession remaining with Anderson as vendor, they cited Bryant v. Kelton, 1 Texas, 415; Morgan v. Republic, 2 Texas, 279; McQuinnay v. Hitchcock, 8 Texas, 33; Thornton v. Tandy, 39 Texas, 548; Mills v. Walton, 19 Texas, 271; Woods v.

Half, Weiss & Co., 44 Texas, 633; Ingalls v. Herrick, 108 Massachusetts, 351.

That a debtor can prefer one creditor to another and settle the debt with goods or money, although other creditors are thereby delayed, they cited Greenleve, Block & Co. v. Blum, 59 Texas, 124; LeGierse & Co. v. Peirre, 1 Texas Law Review, 126, 127; Baldwin v. Peet, 22 Texas, 708, 716, 721; Schneider v. Sansom, 62 Texas, 201; Gardner v. Broussard, 39 Texas, 372.

As to when title passes, they cited Russell v. Carrington, 42 New York, 118.

That Anderson did not have any interest in the title to the wagons at the time they were seized. His right to forty per cent was a contingent right in the proceeds dependent upon sale which had not taken place, they cited, as to forty per cent commissions in expectancy, Freeman on Execution, section 123, 124; Murfree on Sheriffs, section 462, 464; Hasbrook v. Bouton, 60 Barbour, 413; Williams v. McGrade, 13 Minnesota, 174; 14 Howard's Practice, 208; Blanchard v. Coolidge, 22 Pick., 151. As to charge for freight, they cited, Murfree on Sheriffs, section 461; Drake on Attachments, section 246; Hally v. Hungerford, 8 Pick., 73; Kithredge v. Sumner, 11 Pick., 50.

That as appellant's right was that of an absolute owner instead of a lien holder, it had the right to claim and take its property wherever found, even in the hands of an innocent purchaser, they cited City National Bank v. Tufts, 63 Texas, 113.

*A. M. Carter* and *John D. Templeton*, for appellee: That more merchandise was transferred by Anderson to the La Belle Company than at a fair value was just to Anderson's other creditors, or was necessary to settle the indebtedness so intended to be settled, cited Ellis v. Valentine, 6 Texas Law Review, 97; Bump on Fraudulent Conveyances, second edition, 203; Greenleve, Block & Co. v. Blum, 59 Texas, 126.

That Anderson was to derive a benefit from the transaction besides the mere settlement of his debt: They cited Wait's Fraudulent Conveyances, section 272; Bump on Fraudulent Conveyances, second edition, 212; Lukins v. Aird, 6 Wall, 78; Shaffer v. Watkins, 7 Watts and Serg., 227; Connelly v. Walker, 45 Pennsylvania State, 449; McCulloch v. Hutchison, 7 Watts, 435; Bentz v. Rocky, 69 Pennsylvania State, 71.

Authorities cited in this case on former appeal. See La Belle Wagon Works v. Tidball, Van Zandt & Co., 59 Texas, 293.

That there was no delivery in fact of the goods by Anderson to the La Belle Company, and no change of possession indica·tive of a change of ownership thereof; they cited Cleveland **v.** · Williams, 29 Texas, 208; Mills **v.** Walton, 19 Texas, 271; Mills **v.** Howeth, 19 Texas, 257.

WILLIE, CHIEF JUSTICE. This was a proceeding for a trial of the right of property in a lot of wagons seized under an attachment sued out by the appellees against Z. J. Anderson and claimed by the appellant. The case was tried by the judge and judgment rendered subjecting the property to the plaintiff's attachment, and from that judgment this appeal is taken. The judge below placed in the record his conclusions of law and fact, and it is to these, that the assignments of error are directed. The judge's conclusion of law was that the transfer of the property by Anderson to the appellant was fraudulent and void, and that the property was subject to the several writs of attachment levied thereon. Whether this conclusion is correct or not depends upon whether the evidence was sufficient to sustain the findings of fact, for these inevitably lead to the conclusion of law found by the judge.

It seems that on or before the twenty-first of June, 1884, Anderson was engaged at the city of Fort Worth in the business of dealing in wagons and agricultural implements upon his own account. On that day he sold to the La Belle wagon works his entire stock of La Belle wagons and extras (including such things as tongues, seats, brakes, etc.,) the consideration of the sale being the return to him of four notes made by him to the La Belle wagon works falling due from the first to the twenty-first of July, 1882. A memorandum made part of this bill of sale makes the notes aggregate with interest the sum of two thousand ninety-nine dollars and ninty cents, and the property conveyed to be worth in round numbers about three thousand and one hundred dollars. Anderson, after the trade was consummated still owed the appellant other notes maturing in August and October, 1882, and aggregating three thousand two hundred and eighty-five dollars and fifty cents. The property conveyed, had been bought by Anderson from the appellant, and in making the conveyance the price fixed for the property, was the same which had been given for it by Anderson, which was forty per cent less than its invoice price. Anderson having paid the freight from Fond du Lac, Wisconsin, where the appellant did business, to

Fort Worth, Texas, it was agreed at the time the sale to appellant was made that Anderson should retain possession of the property and sell it on commission for the wagon works, retaining out of the proceeds of the sales for himself forty per cent commissions, and the freight that he had paid upon the property. In all sales made by him on credit he was to take notes of the purchasers payable to the appellant, and guaranty their payment. The four notes surrendered by the wagon works to Anderson exceeded the price paid for the property one hundred and seventy-four dollars and twenty cents, and for this amount Anderson executed his note to the appellant.

The court's finding was that at the time of this transaction Anderson was largely indebted and insolvent, and unable to meet demands then due and to become due shortly thereafter, and that appellant's agent was fully informed of such facts. That the transfer was made for the purpose of hindering and delaying the creditors of Anderson, by placing said property out of their reach, and reserving to himself an interest therein to the extent of the forty per cent and the freight paid by him, and that this purpose was known to the appellant. That the property transferred greatly exceeded in value the indebtedness to be cancelled under the agreement; that none of such indebtedness had been cancelled, but that the notes specified in the writing, together with the collaterals, were still held by the appellant. The judge found Anderson's indebtedness to be about forty-one thousand dollars, and his property to amount to twenty-five thousand dollars, besides notes and accounts. The finding of the court as to the indebtedness and insolvency of Anderson, and the knowledge of the insolvency by appellant's agent, is fully borne out by the evidence. His indebtedness was shown to be over forty-one thousand dollars; and, whilst he claimed to have had goods on hand to the amount of forty thousand dollars, a part of them, he stated, were held on commission, but how much, he did not say. The sheriff testified that the goods were worth no more than nineteen thousand dollars. His real estate, exclusive of his homestead, was not worth enough to bring the goods, at this valuation, up to twenty-five thousand dollars. The value of the notes and accounts was not shown.

This state of assets and liabilities, taken in connection with the fact that Anderson himself was apprehensive that he could not meet his paper so soon to mature, and that he was willing to return to each of his creditors the goods bought from him, as a

payment upon his claims, are sufficient to justify the court in concluding that he was insolvent. The proposàl to return the goods was something out of the usual course of trade; it was something that a solvent merchant would not have done; and the fact that Anderson was willing to make this arrangement for the reason given by him to the appellant's agent, put the latter upon full notice of Anderson's insolvency. It is apparent that the sale of the goods to the appellant and other parties from whom he had purchased, was calculated to delay, hinder and perhaps defeat Anderson's other creditors in the collection of their claims. It withdrew from their reach a large portion of his property, which they might otherwise have seized under process of law, in satisfaction of their demands.

Whether the court below was justified in concluding as matter of law that the conveyance to the appellant was void as to the appellees, depends upon whether the findings as to some other facts were warranted by the evidence. The appellant was authorized to take goods in payment of his debt, though it thereby hindered and delayed other creditors, provided the amount taken was in value reasonably proportioned to the debt extinguished, and his debtor reserved to himself no benefit in the goods after they were thus conveyed. The court below found that the property taken far exceeded in value the indébtedness to be cancelled, and that Anderson reserved to himself an interest therein to the extent of the forty per cent commissions he was to receive and the freight paid by him on the goods. The goods were taken at the price given for them in Fond du Lac, Wisconsin, where they were bought from the wagon works. Their invoice price was nominally higher, but forty per cent was always deducted in sales to customers, so that the price at which the goods were taken, was their real value in Fond du Lac, and, freight being added, the price that the appellant would have been willing to sell and deliver them at Fort Worth. The price there at which they took the property was what it was worth to them at Fort Worth, less the freight paid to deliver it there. It has not been held that property taken in payment of a debt must be exactly the same in amount as the debt paid with it, but it must not be more than is reasonably necessary to discharge the indebtedness. (Greenleve v. Blum, 59 Texas, 124.)

The appellant was not required to take the property at its retail or at its wholesale price in Fort Worth; for to sell it in either would require that ex~ ~s should be incurred, to come

out of the value of the property. There was no proof before the court below what was the difference between the price paid for the goods when taken by appellant from Anderson and their market value in Fort Worth. There was nothing to show what they would have netted after deducting the expenses of having them sold. There was nothing to show that the price at which the appellants had delivered them at Fort Worth was not their reasonable value. That this would have included the payment of freight by the appellant when it was paid by Anderson, does not, in the attitude of the record, affect the question. There is no proof as to the amount paid for the freight. It may have been an insufficient sum compared with the price paid by Anderson for the goods. It is apparent from what has been said that a difference in amount between the property paid and the debt extinguished is not sufficient to avoid such a transaction. There must be an unreasonable disproportion between the two. The law makes some allowance for honest mistakes as to the value of the property conveyed, and will not avoid the conveyance for slight differences unless brought about by the actual fraud of the parties.

Nor does it satisfactorily appear that Anderson reserved to himself any interest in the goods. The forty per cent commission was not such interest. It did not vest immediately upon the consummation of the trade, nor was it entirely to vest in the future. It was to be earned by future services rendered in making sale of them. If they were not sold he received no commissions; and by the very terms of the instrument the appellant could have taken the goods away from Anderson the next day of the trade without paying or owing him one cent as commission.

As to the freight there is some ambiquity in the contract between Anderson and appellant. Anderson was bound to deliver the goods to appellant or its agent, at any time when so ordered, making no charge against them except for actual freight or drayage. Whether this means the freight and drayage accruing in bringing the goods originally to Fort Worth, or in delivering them to the appellant in case it concluded to resume possession, is uncertain. If the latter, there was clearly no resumption of interest in Anderson, for he would but be receiving back something that he had paid out for the benefit of the property after it passed into the ownership of the wagon works.

Anderson testified that the money paid by him for freight on

the wagons from Fon du Lac to Fort Worth was to be returned to him out of the sales of the property made after he took it to be disposed of on commission. If this be so it was not the freight referred to in the contract, for that was to be paid whether there were any sales or not. Under his construction of the contract it conveyed to him no interest in the property, which was not dependent upon future services to be rendered in relation to it. If he was to receive the freight only in the event that he rendered future services in reference to the property, we can not say that under the agreement Anderson reserved such an interest in himself as defeated his conveyance to the appellant. At all events the written memorandum, taken in connection with the other testimony, leaves it very doubtful as to whether such an interest was reserved as would defeat the conveyance, and we think the court below was not justified in holding that it did. Hence the court could not, as a conclusion of law, find that the transaction between Anderson and the appellant was void for fraud. We need not decide whether the decision below could have been sustained had the court found the transaction fraudulent in fact. The evidence does not satisfactorily show, as found by the court, that the notes for the cancellation of which the goods were given were never surrendered to Anderson.

For the errors pointed out the judgment will be reversed. As it is apparent that all the important facts bearing upon the points at issue were not developed upon the former trial, the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Opinion delivered November 18, 1887.