**JACKSON v. GUARANTY STATE BANK OF FORT WORTH. (No. 6807.)**

(Court of Civil Appeals of Texas. Austin. Nov. 5, 1924. Rehearing Denied Nov. 26, 1924.)

1. **Judgment ⬉⟿570(3)—Judgment on voluntary dismissal not bar to subsequent suit on same cause.**

Judgment on voluntary dismissal of action is not bar to subsequent suit on same cause of action.

2. **Dismissal and nonsuit ⬉⟿42—Notes and chattel mortgage not discharged by voluntary dismissal of action thereon.**

Voluntary dismissal of action on notes and to foreclose chattel mortgage does not discharge notes or release mortgage.

3. **Sequestration ⬉⟿20—Right to recover on replevy bond not affected by dismissal of action.**

Defendant's right to recover on replevy bond given by plaintiff in proceedings to foreclose mortgage is not affected by voluntary dismissal by plaintiff.

4. **Sequestration ⬉⟿20—Rights and liabilities on bond controlled by statutes.**

Liability of plaintiff and his sureties on bond in sequestration proceedings, and defendant's rights in so far as sequestration proceedings are concerned, are controlled by Rev. St. arts. 7107, 7110.

5. **Judgment ⬉⟿570(3)—Judgments dismissing action on notes, and to foreclose mortgage and on plaintiff's replevy bond, are not res judicata in action by transferor of notes.**

Judgment on voluntary dismissal of action on notes and to foreclose mortgage, and judgment on replevy bond given by plaintiff, who sequestered the mortgaged chattel, are not res judicata in subsequent action on same cause.

6. **Appeal and error ⬉⟿173(2)—Matters not considered on appeal when not set up in counterclaim.**

Where defendant's only plea, in action on notes and to foreclose chattel mortgage, was dismissal of former suit, and judgment in his favor on plaintiff's replevy bond therein, whether property sequestered was returned pursuant to judgment on replevy bond is immaterial on appeal; defendant not having set up such former judgment as counterclaim.

Appeal from Tarrant County Court; W. P. Walker, Judge.

Action by the Guaranty State Bank of Fort Worth against S. H. Jackson. From judgment for plaintiff, defendant appeals. Affirmed.

Chas. B. Stewart, of Fort Worth, for appellant.

Chas. T. Rowland and Marvin H. Brown, both of Fort Worth, for appellee.

McCLENDON, C. J. This was a suit by the Guaranty State Bank of Fort Worth, which we will refer to as the bank, against S. H. Jackson, upon five promissory notes for the principal sum of $59.20, each, and to foreclose a chattel mortgage, securing the notes upon an automobile. There was a trial to the court without a jury, resulting in a judgment in favor of the bank for the full amount of the notes, principal, interest, and attorney's fees, and foreclosing the lien. From this judgment Jackson has appealed.

The only question in the case is whether the trial court committed error in not sustaining a plea of res adjudicata filed by Jackson. The material facts in the case, as found by the trial court and supported by the record, follow:

The notes in question were executed by Jackson on December 5, 1921, and under their terms had matured. The bank, in accordance with a custom which it had theretofore followed, formally transferred the notes and lien to one of its employés, W. R. Hobbs, who under instructions from the bank instituted against Jackson a suit on. the notes and to foreclose the lien, and in that suit sequestered the automobile. Jackson having failed to replevy, the plaintiff in that suit replevied the automobile by filing a replevy bond in the usual form. Thereafter the plaintiff voluntarily dismissed the suit, and the defendant recovered judgment against the plaintiff and his sureties upon the replevy bond for $500, the admitted value of the automobile. Within 10 days after this judgment was rendered, the plaintiff surrendered the automobile to the sheriff. These facts, other than the return of the automobile to the sheriff, were pleaded by Jackson as a defense to the action in the present case; he claiming that the judgment of dismissal and the judgment in his favor on the replevy bond constituted a final adjudication in his favor of all liability upon the cause of action asserted in the suit by Hobbs, which was the same cause of action asserted by the bank in the present case.

[1] That a judgment of dismissal rendered upon a voluntary discontinuance of the action by plaintiff is not a bar to a subsequent suit, brought upon the same cause of action, is not an open question in this state. Foster v. Wells, 4 Tex. 101; Scherff v. Ry., 81 Tex. 471, 17 S. W. 39, 26 Am. St. Rep. 828. To quote from the latter case, Judge Gaines writing:

"'A judgment to have the authority or even the name of res judicata must be a definitive judgment of condemnation or dismissal.' Freeman on Judg. § 51, quoting 2 Pothier on Obligations. By dismissal as here used we understand not a mere nonsuit or discontinuance by the plaintiff, but a dismissal by the court upon the merits of the action."

---

⬉⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2, 3] Treating the suit brought by Hobbs as having been brought by the bank, the dismissal of that suit did not in any way operate to discharge Jackson's debt on the notes, or to release the chattel mortgage on the automobile. It is true that when that suit was dismissed Jackson's right of action on the replevy bond was not affected, and he had the right, regardless of the dismissal, to recover upon that bond against the principal and his sureties. Morris v. Anderson (Tex. Civ. App.) 152 S. W. 677; Hill v. Patterson (Tex. Civ. App.) 191 S. W. 621; Myrick v. Futch (Tex. Civ. App.) 206 S. W. 861; Brooks v. Taylor (Tex. Civ. App.) 214 S. W. 361; Construction Co. v. Bewley (Tex. Civ. App.) 229 S. W. 610.

[4] We do not regard these decisions as in any way affecting the present case. When a plaintiff resorts to a writ of sequestration to take from the defendant the possession of property in his hands during the pendency of the suit, the liability of the plaintiff and his sureties, and the rights of the defendant, in so far as the sequestration proceedings are concerned, are controlled by the statutes governing such proceedings. Under Rev. St. art. 7110, where the defendant has failed to replevy the sequestered property, the plaintiff may do so by giving bond, "conditioned for the forthcoming of such property, together with the fruits, hire, revenue and rent of the same, to abide the decision of the court." Article 7111 provides that:

"In case the suit is decided against the plaintiff, final judgment shall be entered against all the obligors in such bond jointly and severally, for the value of the property replevied, and for the value of the fruits, hire, revenue or rent thereof, as the case may be, and the same rules which govern the discharge or enforcement of a judgment against the obligors in the defendant's replevy bond, as hereinbefore provided, shall be applicable to and govern in case of a judgment against the obligors in the plaintiff's replevy bond."

Article 7107 provides that, where the defendant has replevied the property, and judgment has been rendered against him and his sureties for its value, he may discharge the judgment by returning the property to the sheriff within 10 days thereafter.

[5] The judgment on the replevy bond was for the full value of the automobile, and no judgment was recovered for the fruits, hire, revenue, or rent thereof. No contention is made that the automobile when returned was in any way damaged or injured, and, even if such question were raised, it could not be litigated in this suit under the present state of the pleadings. We think it immaterial, therefore, whether the judgment on the replevy bond was discharged by the return of the automobile. That judgment represented the full value of the automobile, and if it were enforced or satisfied by payment, the defendant Jackson could not thereafter as-sert any title to the automobile, and, in such event, the foreclosure of a lien upon it would not be prejudicial as to him. If the return of the automobile to the sheriff operated as a discharge of the judgment, then clearly this was tantamount to restoring the possession to the defendant; but it did not operate to defeat the bank's lien. The only question adjudicated in the defendant's action upon the replevy bond was the value of the sequestered property and the right of the defendant to have that property either returned to him or its value accounted for. By resorting to the writ of sequestration, the plaintiff employed the processes of the court to deprive the defendant of the possession of property. Under the sequestration writ and replevy bond that possession was taken from defendant and placed in plaintiff. The entire sequestration proceeding was merely for the purpose of preserving the status quo of the property pending the suit, and when plaintiff voluntarily dismissed his suit the law imposed upon him the absolute duty to restore that possession to the defendant, or to respond in damages to the defendant for its value.

Upon such dismissal the cause of action asserted by plaintiff was eliminated from the case, and the only thing which remained in that suit was to place defendant with reference to the sequestered property in the status he held before the processes of the court were employed to dispossess him of it. His right to have this status quo restored was made absolute by the dismissal, and this, we think, is clearly the meaning of the decisions above cited. But, beyond this restoration to his position as it existed before the sequestration writ was sued out, the defendant can reap no benefit from the proceeding. When that restoration was made the plaintiff had fulfilled every duty which the law imposed upon him, and satisfied every right which it gave defendant. Further than this defendant can reap no benefit from the proceedings; his obligation to plaintiff and the latter's lien on the sequestered property as they existed when the writ was levied have been in no wise affected. The dismissal of plaintiff's original suit left them intact just as though that suit had never been brought.

[6] Appellant contends that the finding of the trial court that the automobile was returned to the sheriff within 10 days after the judgment on the replevy bond was rendered is not supported by competent evidence. The only evidence of such return was the certificate of the sheriff to that effect, which appellant contends was not competent as against him. As above stated, we think it immaterial whether the automobile was returned or the judgment on the replevy bond satisfied. If appellant had set up that judgment by way of counterclaim to the bank's suit, and asked that it be offset against his

liability upon the notes, a different question would be presented. But no plea of this character was filed by appellant. His only plea was that the dismissal of the former suit and judgment in his favor on the replevy bond was a final adjudication in his favor of the bank's cause of action on the notes and lien, and that the bank was thereby forever estopped from asserting its rights therein.

Finding no error in the trial court's judgment, it is affirmed.

Affirmed.