**BUELIN et al. v. SMITH.**    (No. 3364.)

Court of Civil Appeals of Texas. Texarkana. March 31, 1927.

Rehearing Denied April 28, 1927.

1. **Homestead** &#9758;167—Vendor held to have abandoned homestead rights by sale though retaining vendor's lien.

The reservation of a vendor's lien on the sale of a homestead does not conclusively show that the vendor retains homestead rights, and where the vendor intended to pass title he abandoned his homestead rights.

2. **Bankruptcy** &#9758;399(1)—Bankruptcy trustee of vendor, who had abandoned homestead by sale, could complain of cancellation of lien notes, without consideration.

Where vendor had abandoned homestead in land by selling it, his trustee in bankruptcy could complain of the cancellation of the vendor's lien notes without adequate consideration.

3. **Judgment** &#9758;570(3)—Dismissal of suit against garnishees held not adjudication that they had no property of debtor, binding in subsequent suit by debtor's trustee in bankruptcy.

Dismissal of former suit against garnishees after answer alleging that they had no property of the debtor *held* not an adjudication that defendant had none of debtor's property, binding in subsequent suit by debtor's trustee in bankruptcy.

4. **Evidence** &#9758;84—Notes alleged to have been fraudulently canceled by bankrupt held presumed to have been worth face value, in absence of rebutting testimony.

Where there was no testimony that notes alleged to have been canceled to bankrupt without adequate consideration and in fraud of creditors were not worth their face value, they were presumed to have been worth that much.

5. **Judgment** &#9758;256(2)—Where notes canceled by bankrupt had face value of $4,700, and jury found bankrupt's indebtedness to makers was $2,960.82, judgment against makers for $1,090 held supported by finding.

Where jury found that bankrupt's indebtedness to makers of notes was only $2,960.82, and there was no evidence that notes were worth less than their face value of $4,700, and the bankrupt had canceled the notes to discharge his indebtedness, *held* in an action by bankrupt's trustee against makers alleging the cancellation was in fraud of creditors, judgment for $1,090 was supported by the findings.

6. **Judgment** &#9758;256(7)—Judgment granting interest not awarded by jury held fundamentally erroneous, where contrary to pleading and agreement of parties.

Where court granted interest on the judgment without a jury finding that the prevailing party was entitled to interest and the pleading and agreement of the parties was contrary to such judgment for interest, there was fundamental error.

7. **Costs** &#9758;238(2)—Appeal costs were adjudged against prevailing appellants, where error found was not called to trial court's attention.

Where error in judgment was not called to trial court's attention, but was first complained of in the appellate court, costs of the appeal were adjudged against appellants.

On Motion for Rehearing.

8. **Bankruptcy** &#9758;305—Ordering sale of land on the foreclosure of vendor's lien without securing repayment of purchaser's initial payment held not error.

Judgment ordering sale of land in suit to foreclose bankrupt vendor's lien, which made no

provision for securing to the purchaser repayment of money paid when land was bought, *held* not error.

Appeal from District Court, Delta County; J. M. Melson, Judge.

Suit by M. W. Smith, trustee in bankruptcy of J. N. Buelin, against L. J. Buelin, O. M. Buelin, and another. Judgment for plaintiff, and defendants named appeal. Reformed and affirmed.

By an instrument purporting to be a general warranty deed dated July 30, 1921, J. N. Buelin and his wife conveyed 67 acres of land they owned, constituting a part of their homestead, to their sons, L. J. Buelin and O. M. Buelin. According to recitals in the instrument the consideration for the conveyance was $1,500 in cash paid by said L. J. and O. M. Buelin, their ten promissory vendor lien notes for $470, interest and attorney's fees, each payable to the order of said J. N. Buelin, and their assumption of the payment of $4,500 which J. N. Buelin owed on the land to W. J. McDonald. November 20, 1922, J. N. Buelin canceled and surrendered said ten promissory notes (no part of which had been paid) to said L. J. and O. M. Buelin to pay indebtedness he owed them, it was alleged. November 28, 1923, J. N. Buelin was adjudged a bankrupt on a petition filed by him November 27, 1923. This suit by appellee as the trustee of the estate of said J. N. Buelin, bankrupt, was commenced October 16, 1924. It was against said J. N., L. J. and O. M. Buelin, and was to cancel the transfer of said ten notes made by said J. N. Buelin to L. J. and O. M. Buelin, for possession of said notes, and for judgment on same for the amount thereof against said L. J. and O. M. Buelin, and foreclosing the vendor's lien retained on the land to secure the payment of the notes. The ground upon which appellee sought such relief was that the transfer of the notes was void as against said J. N. Buelin's creditors, because, it was alleged, it was without any consideration, and because, it was alleged further, it was made at a time when said J. N. Buelin was insolvent, and with the intent on his part to hinder, delay, and defraud his then existing creditors. The Buelins specially denied that there was no consideration for the cancellation and surrender of their ten notes to them. With reference to this they alleged that said notes were canceled and returned to them to satisfy indebtedness of J. N. Buelin to them in the sum of $5,061.82. They alleged further that the creditors of J. N. Buelin had no right to complain of the conveyance of the land to them July 30, 1921, as stated above, nor of the cancellation and surrender of said notes to them November 20, 1922, because, they alleged, the land at said times was a part of the homestead of J. N. Buelin and therefore "could not be the subject of a fraudulent sale or transaction." It appeared from the allegations in their answer that the

theory upon which said L. J. and O. M. Buelin claimed the land continued to be a part of J. N. Buelin's homestead on said November 20, 1922, was that the sale he made to them July 30, 1921, was a conditional one because of the fact that he retained a vendor's lien on the land to secure the payment of the ten notes. It was alleged that the effect of the retention of such a lien was to leave "the superior and legal title" to the land in J. N. Buelin, and that the land therefore continued to be a part of his homestead until he canceled and surrendered the notes as stated. Said L. J. and O. M. Buelin alleged further that after said ten notes were canceled and surrendered to them as stated, their answer as garnishees in a suit brought by the First National Bank of Enloe against said J. N. Buelin, that they were not indebted to said J. N. Buelin and did not have possession of any property belonging to him, was not in any way controverted, and that on January 5, 1925, the garnishment proceedings against them were dismissed at said bank's cost. The judgment of dismissal, they alleged, operated as "an adjudication of the fact (quoting) that these defendants were not indebted to J. N. Buelin and did not have any of his effects or property in their hands."

The court having found (as recited in the judgment) that the reasonable cash market value of the ten notes on November 20, 1922, when they were canceled by J. N. Buelin and surrendered to L. J. and O. M. Buelin, was $4,052.82, and the jury having found that the indebtedness of said J. N. Buelin to said L. J. and O. M. Buelin at that time was only $2,960.82, judgment was rendered in appellee's favor against said L. J. and O. M. Buelin for the difference, to wit, $1,090, together with interest thereon from said November 20, 1922, at the rate specified in the notes, and foreclosing the lien retained on the land to secure the payment of said ten notes, but subject to the lien to secure the $4,500 indebtedness to W. J. McDonald above referred to. It was provided in the judgment that the proceeds of a sale under the foreclosure should be applied to the payment in full of the $2,960.82 J. M. Buelin owed L. J. and O. M. Buelin before any of same should be applied to the payment of the $1,090 and interest adjudged to appellee, and that the part, if any, remaining of said proceeds should be paid to said L. J. and O. M. Buelin. The appeal is by said L. J. and O. M. Buelin.

McMahan, Dohoney & Dial, of Greenville, O. C. Mulkey, of Commerce, and A. P. Dohoney, of Greenville, for appellants.

Joel H. Berry, of Cooper, and L. L. James, of Greenville, for appellee.

WILLSON, C. J. (after stating the facts as above). We think there is no merit in the contention urged by appellants that the trial court erred when he refused to instruct

the jury to return a verdict in their favor.

[1, 2] One of the grounds of their motion to so instruct was that it conclusively appeared that the 67 acres of land was a part of the homestead of J. N. Buelin and wife at the date of their deed of July 30, 1921, conveying same to appellants, and at the time the ten promissory notes made by appellants were canceled and surrendered. Of course if it so appeared, it was error to overrule the motion to instruct as stated; for if the land was homestead at the time of the transactions specified, the creditors of J. N. Buelin had no right to complain thereof. Holt v. Abby (Tex. Civ. App.) 141 S. W. 173, and authorities there cited. But we think it did not appear as a matter of law that the land was homestead. In harmony with their pleadings, appellants urge as the reason why the land continued to be homestead after J. N. Buelin and his wife conveyed it to them the fact that said notes were not due and had not been paid at the time they were canceled. A vendor's lien having been expressly retained on the land to secure the payment of the notes, the argument is that the superior title to the land remained in said J. N. Buelin and his wife until the notes were paid, and therefore, they not having been paid, that the land never ceased to be a part of the homestead of said J. N. Buelin and wife. Stratton v. Insurance Co. (Tex. Civ. App.) 182 S. W. 4, and Brooks v. Young, 60 Tex. 32, are cited as cases recognizing the existence of the rule invoked by appellants. As we understand those cases they do not support the contention. The holding in the Stratton Case was that—

"Where one conveys land by deed to another and retains in such deed an express lien to secure a part of the purchase money, the legal title to the land conveyed does not pass to the vendee, but remains in the vendor until the purchase money is paid."

In the Brooks Case the court declined to express any opinion as to the legal effect of a supposed state of facts similar to those in this case. The holding in the Stratton Case is well-established law, but we do not think it means that when land constituting part of a homestead is sold on time the reservation of a vendor's lien to secure the payment of purchase money conclusively shows that the land continued to be homestead of the vendor until the purchase money was paid. The most that could be contended for where such a lien has been retained, we think, would be that it was a circumstance to be considered with other evidence in determining whether the sale operated as an abandonment by the grantor of his homestead right in the land or not. O'Fiel v. Janes (Tex. Civ. App.) 220 S. W. 371. The judgment involves a finding by the court that J. N. Buelin and his wife intended to pass the title to the land

to appellants when they executed the deed of July 30, 1921, and therefore that the conveyance operated as an abandonment of a claim of right to the land as a part of their homestead; and we think such findings were warranted by evidence before the court.

[3] Another ground of the motion was based on facts as follows: December 13, 1922, the First National Bank of Enloe, one of J. N. Buelin's creditors, commenced suit against him on notes for sums aggregating about $5,500, and at the same time sued out writs of garnishment against appellants. After appellants as garnishees had answered that they were not indebted to said J. N. Buelin and did not have any property belonging to him in their possession, to wit, on January 5, 1924, said bank, "upon suggestion (quoting) by O. C. Mulkey, attorney for J. N. Buelin, that he had filed petition in bankruptcy," dismissed its suit against said J. N. Buelin and at the same time dismissed its garnishment suit against appellant. Plainly, we think, the dismissal of the garnishment suit was not "an adjudication of the matters" involved in the instant suit. Jackson v. Bank (Tex. Civ. App.) 266 S. W. 831; Qualls v. Fowler (Tex. Civ. App.) 186 S. W. 256.

[4, 5] The other ground of the motion was that it conclusively appeared that the transaction between J. N. Buelin and L. J. and O. M. Buelin, in which the ten notes were canceled and surrendered to the latter, "was a bona fide one and supported by an adequate consideration." But as we understand the record it did not so appear. There was no testimony rebutting the presumption that the ten notes were worth their face value (Ramsey v. Hurley, 72 Tex. 194, 12 S. W. 56; Kirkpatrick v. Bank (Tex. Civ. App.) 148 S. W. 362), and the testimony of the witness Byrnes was that in November, 1922, the land was worth from $150 to $160 per acre. Hence we think it cannot be said that findings involved in the judgment that the ten notes were worth at least as much as $1,090 more than the amount of appellant's indebtedness to J. N. Buelin, and that the value of the property transferred to pay said indebtedness therefore was more than was reasonably necessary to discharge same, were without support. La Belle Wagon Works v. Tidball, 69 Tex. 161, 6 S. W. 672.

[6, 7] The insistence that the judgment is fundamentally erroneous so far as it is in appellee's favor for interest on the $1,090 adjudged to him from November 20, 1922, the date when the ten notes were canceled and surrendered to appellants, is based on the fact that there was no finding by the jury that appellee was entitled to interest. We think the contention should be sustained. In his petition appellee alleged, and at the trial the parties agreed, that the notes by their terms were not to bear interest until January 1, 1924. The judgment of the trial court

will be so reformed as to award appellee interest on the $1,090 adjudged to him only from its date, and as so reformed will be affirmed. As the error in the judgment was not called to the attention of the trial court, but was first complained of in this court, the costs of the appeal will be adjudged against appellants.

### On Motion of Appellants for Rehearing.

When the record was first before us it was contended, and the contention is renewed in the motion, that the judgment against appellants was unauthorized in the absence, as was the case, of a finding by the jury that the consideration for the cancellation and surrender of the ten notes was inadequate. The jury having found that the indebtedness of J. N. Buelin to appellants amounted to only $2,960.82, and there being no evidence that the notes were worth less than their face value, to wit, $4,700, we thought it appeared as a matter of law that the value of the notes was $1,739.18 more than the sum reasonably necessary to discharge J. N. Buelin's indebtedness to appellants, and that appellants would have had no right to complain had the judgment been against them for that amount instead of for $1,090. We still entertain that view of the matter, and therefore overrule appellants' contention.

[8] The contention that it was error not to sustain the fourth assignment of error, in which appellants complained that they were "not protected (quoting) in the order of sale on the original payment of $1,500, a part of the consideration paid them for the land," is renewed in the motion. We thought, and still think, the contention was without merit. The $1,500 represented a part of the purchase price of the land, just as the notes did, and no reason why appellants should have recovered it back was shown. If it should have been added to the $2,960.82 indebtedness of J. N. Buelin, it should also have been added to the amount of the ten purchase-money notes made by appellants, and the difference between the amount of the indebtedness and the value of the notes would still have been $1,739.18.

The motion is overruled.