BLESSE et ux. v. WESSELS. (No. 8216.)

Court of Civil Appeals of Texas. San Antonio. May 15, 1929.

Rehearing Denied June 12, 1929.

L. D. Stroud, of Beeville, for appellants.
J. C. Dougherty, of Beeville, for appellee.

COBBS, J. Appellee sued appellants in an action in trespass to try title to 20 acres of land. The defense is that plaintiff's title was by virtue of and through a deed of trust given by defendants on their homestead; that the deed of trust was void, and the sale made thereunder by the trustee to plaintiff was void.

The plaintiff alleged that W. F. Blesse and Gisella Blesse, defendants, on March 25, 1913, executed their note for $725 in his favor, with deed of trust on the 20 acres of land in question, to J. C. Crisp, trustee, as security therefor; that the money was borrowed from the plaintiff for the purpose of paying off the balance due on a note for $1,300, executed by W. F. Blesse to F. M. Ellis, for the purchase price of said 20 acres, which was a valid and subsisting vendor's lien.

Such facts were recited in the $725 note given by defendants to plaintiff, and in the deed of trust securing its payment. J. C. Crisp was the agent of appellants in securing the loan. He represented both parties as agent. He represented appellants in securing the loan and represented appellee in passing upon the loan; he represented appellants in making the statement to appellee that the loan was being made to pay off and take up the $1,300 which was a vendor's lien on the property, and that he would be subrogated to the lien. These representations were verbally made to appellee and were recited in the note and deed of trust. Appellee fully and entirely relied upon the statements made to him by Crisp, the agent, and forwarded the money to him for final closing of the transaction.

However, when the money was negotiated for, and just before the actual payment thereof, the appellants paid off the $1,300 note in full, to Ellis, the owner thereof, without the knowledge of appellee. But appellants permitted Crisp to make the statements to appellee, and they signed the note and deed of trust reciting that appellee was to have his loan subrogated to the vendor's lien securing the $1,300 note. It is recited, in the $725 note given by W. F. Blesse and Gisella Blesse to G. D. Wessels, that it was "given in lieu of and in extension of vendor's lien, as is fully set out in said trust deed."

The deed of trust contained the following recitals: "Above promissory note for $725 is given for money loaned by G. D. Wessels to W. F. Blesse with which to pay off and discharge balance due by said Blesse on that

certain vendor's lien note ·signed by him for $1300 dated Aug. 12, 1911, due January 1, 1913, payable to order of F. M. Ellis, given in payment for said 20 acres of land herein above described, said note for $1300 and said tract of land fully described in deed from Mamie Ellis and husband F. M. Ellis to said W. F. Blesse dated Aug. 12, 1911, recorded in Bee County Deed Records, Vol. #51, page 381. Said note for $1300 also fully described in release of even date herewith, executed by said F. M. Ellis to said W. F. Blesse, releasing the vendor's lien retained by said Ellis in said deed to said Blesse, and said G. D. Wessels is hereby subrogated to all the equities, rights and remedies of said Ellis under said vendor's lien on said land."

Under the facts in this case it is ridiculous for appellants to say and pretend that the money was loaned to make improvements. That seems an afterthought.

■ It is clearly a case of subrogation, which estops appellants, and especially so since a fraud was committed by all the parties upon appellee in securing the loan. We agree with appellee that: "Blesse, the husband, having made a sworn application that a lien existed against said 20 acres of land in controversy and that he desired said loan for the purpose of taking up said lien on said land, and his wife having joined in the deed of trust and note in which they also reiterated that said money was so borrowed for the purpose of paying off the outstanding lien on said property by this means perpetrated a fraud on Wessels, and his wife who joined in the conveyance and in the note placed it in the power of her husband to enter into such conspiracy should abide by the consequences and the knowledge acquired by Crisp, as gratuitous agent, of the vice and fraud in these transactions could not be imputed to Wessels."

We think that appellants, in view of their conduct, are estopped to deny the validity of the note and deed of trust they gave to secure appellee in the loan. In his sworn application for the loan, made February 27, 1913, appellant stated, "Balance due on above V. L. for $1300, payable to F. M. ·Ellis, due January, 1913, bearing 7% interest": and further swore in said application as follows:

"I, the subscribed applicant, being duly sworn, do say that I made and have read the above statements, and understand that the loan hereby applied for is made on the representations above set forth, which I do solemnly declare true in every particular; and I also do solemnly declare that the above described land is free and clear from all liens and encumbrances, except such as will be paid out of the money loaned, and that there are no judgments against me in the United States or State courts.

"[Signed]  W. F. Blesse.

"Subscribed and sworn to before me, this 27th day of Feb. 1913.

"[Seal]  [Signed]  N. A. Nelson."

■ Appellee had no notice whatever that the property was claimed or used as a homestead. Mrs. Blesse by reason of the facts, as well as her husband, must be held estopped to deny the validity of the claim of appellee. She knew of the recitals in the note and deed of trust, and aided her husband in perpetrating the fraud upon appellee. Cooper v. Ford, 29 Tex. Civ. App. 253, 69 S. W. 488; Life Association v. Parham, 80 Tex. 518, 16 S. W. 316; Guaranty Bond State Bank v. Kelley (Tex. Com. App.) 13 S.W.(2d) 69.

Clearly appellee is entitled to subrogation of the vendor's lien and appellants are estopped to deny that right.

■ Again, the testimony discloses that thereafter appellants sold the place to a man by the name of Mandell, who did not pay any cash, but appellants took stock in lieu of money. They executed a deed to Mandell, who could not pay for the place. He gave some· notes and some stock in the deal. W. F. Blesse testified: "He reconveyed the land to me, but I don't remember whether or not I returned to him the, notes that he had given me. I don't remember what became of the notes. I resumed possession of the place just about a year after we made the trade, took it back about a year afterwards."

If there was any doubt about the correctness ,of the judgment, it is made certain by the act of appellant in selling the land to Mandell, and appellants thereby abandoned the homestead claim by moving off the place and turning it over to the purchaser. The execution of the deed from Mandell to appellant and the rescission of the trade between them caused the land to be freed of the homestead claim and burdened with appellee's lien. This proposition is settled in the case of Brooks v. Young, 60 Tex. 32.

This case was tried to a jury upon special issues, and at the· conclusion thereof both parties applied to the court for an instructed verdict, which forecloses any complaint at the trial and findings of the jury, and the case comes for disposition purely upon questions of law.

We have examined the assignments of error, but, finding no error committed that should cause a reversal, the judgment is affirmed.