## STOOKSBERRY et ux. v. LINGWILER.
### No. 3805.

Court of Civil Appeals of Texas. Texarkana.
Feb. 25, 1930.
Rehearing Denied March 13, 1930.

Clower & Turner, of Cooper, and L. L. James, of Greenville, for plaintiffs in error.

McKinney & Berry, of Cooper, and W. H. Reid, of Dallas, for defendant in error.

WILLSON, C. J. (after stating the case as above).

■■ The contention of the Stooksberrys is that the trial court committed error entitling them to a reversal of the judgment and a new trial of the cause when he peremptorily instructed the jury to return a verdict in Lingwiler's favor, and, such a verdict having been returned, rendered judgment accordingly. As we understand them (the Stooksberrys), they are not in the attitude of denying a right in the court to instruct the jury as he did, unless the jury might have found that the Federal Mortgage Company at the time it loaned $8,000 to them (the Stooksberrys) knew, or was chargeable with notice of the fact, that the sale and conveyance they made of their homestead to Joe Moore was a pretended one to secure a loan, and therefore void. And as we understand them (the Stooksberrys) they are not in the attitude of asserting the jury might have so found from any other evidence in the case than that supplied by recitals in an abstract of their (the Stooksberrys') title to the land, furnished the Federal Mortgage Company at the time the application for the loan was made to it.

It appeared from said recitals that the Stooksberrys on March 25, 1908, conveyed 110 acres of the land in question here to C. F. Stephenson, the consideration being (it was recited in the deed) $1,400 cash and six notes for $200 each; that the Stooksberrys assigned the notes to the Scottish Mortgage Company; and that Stephenson on September 1, 1908, conveyed the land back to the Stooksberrys, the consideration being the assumption of the payment of the $1,200 notes assigned to said Scottish Mortgage Company. It appeared, further, that the Stooksberrys on October 22, 1915, conveyed 130 acres of the land in question here to L. R. Alexander, the consideration being (it was recited in the deed) Alexander's promissory note for $1,500 and his assumption of the payment of a note for $1,000 due Pearson & Taft; that Alexander conveyed the land to one McComb, February 5, 1916; and that McComb conveyed it back to the Stooksberrys May 31, 1916, the consideration being (it was recited in the deed) the assumption of the payment of the $1,000 note due Pearson & Taft, which L. R. Alexander has assumed, and the assumption of the payment of the note for $1,500 which Alexander had made to them (the Stooksberrys) and which they had assigned to a bank.

It is insisted that in respects appearing from what has been said and in other respects the course pursued by the Stooksberrys when they sold and conveyed land constituting their part of the homestead to Stephenson and Alexander was the same as that pursued in the sale and conveyance to Joe Moore in this case, and was sufficient to put the Federal Mortgage Company on inquiry, when it examined said abstract of title, to ascertain whether the sale and conveyance to Moore was a valid one or not. And it is insisted, further, that inquiry would have disclosed that such sale and conveyance was a pretended one and void. The Stooksberrys cite Ramirez v. Bell (Tex. Civ. App.) 298 S. W. 924, as a case supporting their contention, but as we understand it it does not do so.

As we view the recitals in the abstract, they were not such as to put the mortgage company nor Lingwiler on inquiry as claimed, and would not have supported a finding that the mortgage company and Lingwiler had notice of the invalidity of the deed to Joe Moore. As to said mortgage company and Lingwiler, we think it appeared as a matter of law that the Stooksberrys were estopped from claiming the land was homestead at the time they conveyed it to Joe Moore, and that the trial court therefore did not err when he instructed the jury as he did. Guaranty Bond State Bank v. Kelley (Tex. Com. App.) 13 S.W.(2d) 69; Barron v. Theophilakos (Tex. Civ. App.) 13 S.W.(2d) 739; Blesse v. Wessels (Tex. Civ. App.) 18 S.W.(2d) 724. It follows, we think, the Stooksberrys' contention should be overruled and that the judgment should be affirmed. It will be so ordered.