### HALIFAX FIRE INS. CO. v. FELTON.
#### No. 8565.

Court of Civil Appeals of Texas. Austin.
Dec. 31, 1937.

Rehearing Denied Jan. 19, 1938.

Thompson, Knight, Baker, Harris & Wright, of Dallas, for plaintiff in error.

B. W. Smith and Clyde Vinson, both of San Angelo, for defendant in error.

McCLENDON, Chief Justice.

Suit upon a $500 policy insuring a building against loss by fire. The appeal is from a judgment for plaintiff upon a directed verdict.

Four points are presented:

1. There was no evidence of the amount of the loss or that the building was a total loss under the valued policy statute.

2. There was no evidence that plaintiff was the sole and unconditional owner of the property.

3. There was no pleading or evidence that the loss was not occasioned by one or more of the excepted risks.

4. The judgment improperly awarded interest from the date of the loss, instead of from sixty days after proof of loss, the date of payment provided in the policy.

Under the first point, the agent of defendant testified that the building was a total loss. After this testimony was given, defendant objected thereto, on the ground that it was a conclusion of an unqualified witness. The court sustained this objection; whereupon, on cross-examination, the witness qualified and the objection was overruled. The particular point made is that the original sustaining of the objection eliminated the testimony from the record, and when the objection was later overruled there was no testimony on the subject, as the witness was not further interrogated and did not again testify that the building was a total loss. No motion was made to strike the testimony from the record. It had already been introduced, and the effect of the court's overruling the objection amounted to a reinstatement of the testimony. The point is manifestly without merit, and is overruled.

Upon the second point the evidence shows that the policy was originally issued to a Mrs. Nussbaumer. Later application was made to the company's agent to transfer the policy to Mrs. Evans. This the agent refused on the ground that the company would not insure property belonging to Mrs. Evans. Later an application was made to transfer the policy to plaintiff. The agent made his own investigation and ascertained from plaintiff's brother-in-law that the property was owned by plaintiff. He thereupon attached a rider to the policy making it payable to plaintiff. This testimony was elicited on cross-examination by the defendant.

The defendant also specially pleaded the title of the plaintiff to the property, showing how she acquired it, but asserted that the deed was fraudulent, and that the plaintiff was not the sole owner of the property. We quote this pleading in full:

"4. Further specially answering, defendant would show that the policy insured on provides in substance that same should be void if the interest of the insured in the property be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple. Defendant would show that the interest of the insured in the property was not sole and unconditional ownership, and that the building was on ground not owned by the insured in fee simple.

· "In this connection defendant would show that prior to December, 1935, the building in question, as well as the three lots on which the building was located, was the property of Ella Nussbaumer, Wayne N. Prunell, Charles O. Wallburg, Ida Rebecca Wallburg, Anna Elizabeth Purnell, Robert Woodward Nussbaumer, J. Joseph Nussbaumer and Mary Ellen Nussbaumer. That during the month of December, 1935, the above named persons executed and delivered, for the consideration of $160, to Mrs. Alma Evans, a deed to the property in question and title to said property and the three lots on which it was situated passed to the said Mrs. Alma Evans, and the said Mrs. Alma Evans took possession of the property. That thereafter the name of the grantee in said deed (Mrs. Alma Evans) was erased and the name of the plaintiff in this suit, Ruth Felton, was inserted. That no interest in the title to the property was conveyed by said mutilated deed by reason of the fact that the grantors in said deed had never executed same as a conveyance to Ruth Felton, and for the reason that at the time said name of Mrs. Alma Evans was erased and the name of Ruth Felton was substituted the person signing said deed had no interest in the said property, same having already been conveyed to Alma Evans. That by virtue of these facts Ruth Felton is not the sole and unconditional owner of said property and was not at the time said policy was issued, and the building insured was not on ground owned by the said Ruth Felton in fee simple, and that said policy was, therefore, void and defendant has no liability herein.

"5. Further specially answering, this defendant would show that after a deed was delivered to Alma Evans and she became the owner of the property in question, an attempt was made to get the defendant in this case to transfer its policy, which was originally issued to Mrs. J. M. Nussbaumer, to Alma Evans, but said company refused to transfer such policy to Alma Evans, for the reason that it did not care to insure the property owned by the said Alma Evans. Defendant would show that the said Alma Evans is the real owner of said property, and that the erasure of the name of Alma Evans in the deed to her and the substitution of the name of Ruth Felton was for the purpose of obtaining a policy of insurance on the property in question and was not a bona fide transaction, and said Ruth Felton has no real interest in the property herein involved. That this defendant company, had it known of all the facts herein and that the said Alma Evans was the real owner of the property, would not have transferred· its policy to Ruth Felton since it was unwilling to insure Alma Evans or to insure any property that she had any interest in. That this defendant repudiated its contract by its original answer filed in this suit within ninety (90) days after it learned of the facts set out in this paragraph of its answer. That this defendant has no liability herein by virtue of the facts herein set out."

We hold that the above testimony and especially in view of the above answer was sufficient to make a prima facie case of ownership in plaintiff.

■ We further hold that the effect of the above pleading was to admit that the plaintiff held the property under the deed mentioned therein, but that the deed in fact passed no title to her. Under this pleading, we think clearly the defendant assumed the burden of showing that the ·title under which the· plaintiff claimed was fraudulent. This holding is supported by that in Boswell v. Pannell, 107 Tex. 433, 180 S.W. 593.

■ We overrule the third point upon the authority of Chief Justice Fisher's opinion in Hartford Fire Ins. Co. v. Watt, Tex.Civ.App., 39 S.W. 200, in which writ of error was denied. That case is on all fours with this. For further authorities upon the subject, see American Ins. Co. v. Maddox, Tex.Civ.App., 60· S.W.2d 1074.

■ Appellee confessed error upon the fourth point. It is manifest that this error resulted from inadvertence in drafting the judgment. It was not called to the attention of the trial court; and therefore its correction will be at appellant's costs. Watkins v. Junker, 90 Tex. 584, 40 S.W. 11; Buelin v. Smith, Tex.Civ.App., 294 S.W. 317; 11 Tex.Jur. pp. 370, 371, and note 14.

The trial court's judgment is reformed so as to provide that interest shall run from March 28, 1936, instead of from January 20, 1936, as therein provided; and, as so reformed, the judgment is affirmed. All costs of this court and the court below are assessed against appellant.

Reformed and affirmed.